Marshall, Ch. J.,
delivered the opinion of the court as follows, viz : — This is a motion to quash a writ of error, which has issued to a judgment obtained by the Bank of Alexandria, in the circuit court for the district of Columbia, sitting in Alexandria. In support of the motion, it is contended, that no writ of error lies to such a judgment.
The words of the act of congress of February 1801, by which the circuit court for the district of Columbia was erected, are these : “ Any final judgment, order or decree in the said circuit court, wherein the matter in dispute, exclusive of costs, shall exceed the value of one hundred dollars, may be reexamined, and reversed or affirmed, in the supreme court of the United States, by writ of error or appeal.” Upon the operation of this clause in the “act concerning the district of Columbia,” no doubt could be entertained, were it not produced by the last section, which enacts that nothing in that act contained “ shall in any wise alter, impeach or impair the right granted *237 by or derived from the acts of incorporation of Alexandria -and Georgetown, or of any other body corporate or politic within the district.”
The state of Virginia had, in November 1792, passed an act for establishing a bank in the town of Alexandria, which act incorporated the bank,. and in addition to the privilege of summary process for the recovery *of [*397 debts, deprived their debtors of the right of appeal. In January 1801, the legislature of Virginia passed an act continuing the charter of the bank to the 4th of March, in the year 1811, and authorizing them to transact business in the county of Fairfax.
It is the opinion of the majority of the court, under the terms of the cession and acceptance of the district, that the power of legislation remained in Virginia, until it was exercised by congress.
But the question recurs, whether that part of the act of Virginia which takes away the right of appeal, taken in connection with the act of congress passed in February 1801, is now in operation. The words of the act of congress being as explicit as language can furnish, must comprehend every case not completely excepted from them. The saving clause in the last section only saves existing rights ; it does not extend those rights or give new ones. The act incorporating the bank professes to regulate, and could regulate, only those courts which were established under the authority of Virginia. It could not affect the judicial proceedings of a court of the United States, or of any other state.
There is a difference between those rights on which the validity of the transactions of the corporation depends, which must adhere to those transactions everywhere, and those peculiar remedies which may be bestowed on it. The first are of general obligation ; the last, from their nature, can only be exercised in those courts which the power making the grant can regulate. The act of incorporation, then, conferred on the Bank of Alexandria a corporate character, but could give that corporate body no peculiar privileges in the courts of the United States, not belonging to it as a corporation. Those privileges do not exist, unless conferred by an act of congress.
*The mere saving in an act of congress which expressly renders r*sgg. all judgments of the circuit court, for a larger sum than one ^ hundred dollars, re-examinable by writ of error in this court, cannot be considered as exempting judgments rendered in favor of the bank, from the operation of this general enacting clause respecting writs of error. If the act of March 1801, be considered as giving the bank a right to proceed in the circuit court for Alexandria, in the same manner as by the act of incorporation, it might proceed in Virginia, yet that act does not affect the writ of error as given in the act of the 27th of February.
The motion is, therefore, overruled.